UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JANICE BENSON,

    Plaintiff,

v.                                                Case No:   2:14-cv-480-FtM-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____

## **OPINION AND ORDER**

This cause is before the Court on Plaintiff, Janice Benson's Complaint (Doc. 1) filed on August 20, 2014.  Plaintiff, Janice Benson seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability, and disability insurance benefits.  The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions.  For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to §205(g) of the Social Security Act, 42 U.S.C. §405(g).

    **I.  Social Security Act Eligibility, the ALJ Decision, and Standard of Review**

    **A.  Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§404.1505, 416.905.  The impairment must be severe, making the claimant unable to do his previous work, or any other

substantial gainful activity which exists in the national economy. 42 U.S.C. §§423(d)(2), 1382(a)(3); 20 C.F.R. §§404.1505 - 404.1511, 416.905 - 416.911. Plaintiff bears the burden of persuasion through step four, while at step five the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146, n.5 (1987).

### B.  Procedural History

On January 4, 2011, Plaintiff filed application for disability insurance benefits asserting an onset date of December 2, 2010. (Tr. p. 67, 116). Plaintiff's application was denied initially on March 9, 2011, and on reconsideration May 23, 2011. (Tr. p. 67, 68). A hearing was held before Administrative Law Judge Ronald S. Robins on October 23, 2012. (Tr. p. 43-66). The ALJ issued a partially favorable decision on December 20, 2012. (Tr. p. 13-22). On June 17, 2014, the Appeals Council denied Plaintiff's request for review. (Tr. p. 1-5). Plaintiff filed a Complaint (Doc. 1) in the United States District Court on August 20, 2014. This case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (See, Doc. 17).

### C.  Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that he is disabled. *Packer v. Commissioner of Social Security*, 542 F. App'x 890, 891 (11th Cir. 2013)[1](citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). An ALJ must determine whether the claimant (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in

---

1 Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 31.1, Fed. R. Ap. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform his past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Commissioner of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ found that Plaintiff met the insured status requirements through December 31, 2015. (Tr. p. 15). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of December 2, 2010. (Tr. p. 15). At step two, the ALJ found that since her onset date, Plaintiff suffered from the following severe impairments: degenerative disc disease of the lumbar and cervical spine, tendinitis in the shoulders, status post left shoulder arthroscopy, and glenohumeral chondromalacia of the right shoulder. (Tr. p. 15). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. (Tr. p. 15-16). At step four, the ALJ determined that prior to June 1, 2012, the date Plaintiff became disabled, Plaintiff had the residual functional capacity ("RFC") to perform a reduced range of light work, such that Plaintiff was able to lift and/or carry twenty pounds occasionally; ten pounds frequently; stand and/or walk for six hours, and sit for six hours in an eight-hour workday; push/pull unlimitedly; frequently climb ramps and stairs; never climb ladders, ropes and scaffolds; frequently balance; and, occasionally stoop, kneel, crouch, and crawl. (Tr. p. 16). The ALJ found that beginning on June 1, 2012, Plaintiff had the RFC to perform less than a full range of sedentary work. The ALJ also found that prior to June 1, 2012, Plaintiff was capable of performing her past relevant work as a deli worker. (Tr. p. 20-21). The ALJ

determined that this work did not require the performance of work-related activities precluded by Plaintiff's RFC. (Tr. p. 21). The ALJ determined that prior to June 1, 2012, Plaintiff was not disabled, however since June 1, 2012, considering Plaintiff's age, education, work experience, and residual functional capacity, there are no jobs that exist in significant numbers in the national economy that Plaintiff could perform. (Tr. p. 22). The ALJ concluded that Plaintiff was not disabled prior to June 1, 2012, but became disabled on June 1, 2012 and continues to be disabled through the date of the Decision. (Tr. p. 22).

### D.  Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales,* 402 U.S. 389, 390 (1971).  The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g).  Substantial evidence is more than a scintilla; i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson*, 402 U.S. at 401.

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote,* 67 F.3d at 1560; *accord*, *Lowery*

*v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

### II. Analysis

Plaintiff raises one issue on appeal which is the ALJ erred in finding that Plaintiff had past relevant work experience as a deli clerk.  Plaintiff argues that Plaintiff's job as a deli clerk was a composite job combining the job of a deli clerk (DOT[2] # 316.684-014) when slicing meat, and the job of meat clerk (DOT # 222.684-010) when bringing cases of meat weighing approximately 30 to 40 pounds from the cooler to the display, and arguably when stocking merchandise which entails significant bending, squatting, twisting, turning, and stretching.  Plaintiff asserts that when she described her past relevant work as a deli clerk, her description contained both job descriptions, and the ALJ erred in finding that Plaintiff was able to perform her past relevant work as a deli clerk prior to June 1, 2012, when in fact, Plaintiff's job was a composite job of deli clerk and meat clerk.

The Commissioner responds that even though Plaintiff may have described her position, it is her burden to demonstrate that she is unable to perform her past type of work, not merely that she is unable to perform the specific job she held in the past. The Commissioner also contends that Plaintiff's own testimony shows that her past relevant work of deli clerk was consistent with the DOT description of deli clerk.

A plaintiff bears the burden of showing that she can no longer perform her past relevant work as she actually performed it, or as it is performed in the general economy.  *Waldrop v. Comm'r. of Soc. Sec.*, 379 F. App'x. 948, 953 (11th Cir. 2010) (citing *Jackson v. Bowen*, 801 F.2d 1291, 1293-94 (11th Cir. 1986). Even though a plaintiff has the burden of showing she can no

---

2 "DOT" refers to the *Dictionary of Occupational Titles*, (4th ed.).

longer perform her past relevant work, the Commissioner has the obligation to develop a full and fair record. *Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted). To develop a full and fair record, an ALJ must consider all of the duties of that past relevant work and evaluate a plaintiff's ability to perform the past relevant work in spite of the impairments. *Levie v. Comm'r of Soc. Sec.*, 514 F. App'x. 829, 831 (11th Cir. 2013). SSR 82-62 requires the ALJ to make the

> following specific findings of fact: 1. A finding of fact as to the individual's RFC. 2. A finding of fact as to the physical and mental demands of the past job/occupation. 3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

SSR 82-62, 1982 WL 31386 *4 (1982).[3] A plaintiff is the primary source for vocational documents, and "statements by the claimant regarding past work are generally sufficient for determining the skill level; exertional demands and nonexertional demands of such work." *Id*. at *3. A composite job is "one that has significant elements of two or more occupations and, as such, has no counterpart in the DOT. *Paxton v. Colvin*, 2013 WL 1909609, *4 (M.D. Fla. May 8, 2013).

The ALJ relied on the vocational expert ("VE") to determine that based upon Plaintiff's RFC, Plaintiff was able to perform the job of deli worker (DOT # 316.684-014) prior to June 1, 2012. (Tr. p. 21). The ALJ compared Plaintiff's RFC with the physical and mental demands of deli worker, and found that Plaintiff was able to perform the job as generally performed. (Tr. p. 21). Plaintiff testified at the hearing that she performed past relevant work as a deli clerk. (Tr. p.

---

[3] "Social Security Rulings are agency rulings published under the Commissioner's authority and are binding on all components of the Administration. [citation omitted]. Even though the rulings are not binding on us, we should nonetheless accord the rulings great respect and deference . . ." *Klawinski v. Comm'r of Soc. Sec.*, 391 F. App'x 772, 775 (11th Cir. 2010).

59). The VE found deli worker under DOT # 316.684-014, light level and SVP 2. (Tr. p. 60). The VE described the job duties of a deli worker as someone who cuts meats and cheeses using a slicing machine, knives, or other cutters.   (Tr. p. 62). The VE testified that a deli worker places meat or cheese on a cutting board, and cuts slices to a designated thickness using knives, or other hand cutters, positions and clamps meat or cheese on a carriage of a slicing machine, adjusts knobs on the machine, presses a button to start the motor, moves the carriage past rotary blades that slice meats and cheeses, stacks cut pieces on a tray or platter, weighs and wraps the sliced food, and affixes a sticker showing the price and weight.  (Tr. p. 62). The VE testified that a deli worker waits on customers, and also goes to a cooler to replenish meats and cheeses and cleans the cutting and slicing machines.   (Tr. p. 63). Plaintiff testified that in her job as deli clerk, she was responsible for going to the cooler and bringing cases of meat out to the front.   (Tr. p. 64). Plaintiff testified that the containers of meat weigh approximately 10 pounds separately, but the box of meat contains 3 to 4 containers of meat making the box weigh approximately 30 to 40 pounds. (Tr. p. 64). Plaintiff agreed that the rest of the description by the VE was "pretty much similar" to her deli clerk job.   (Tr. p. 65).

Plaintiff bears the burden of showing that she cannot return to her past relevant work as she performed it and as it is performed in the general economy. *Waldrop v. Comm'r of Soc. Sec.*, 379 F. App'x 948, 953 (11th Cir. 2010). Plaintiff also bears the burden of showing that her past relevant work is not the work the ALJ found to be her past relevant work. *Id.*   Plaintiff argues that when she worked as a deli clerk, she carried 30 to 40 pounds of meat to the deli case to merchandise it and replenish the stock.   Plaintiff argues that this requirement of carrying 30 to 40 pounds of meat to replenish the front case is a requirement of a meat clerk (DOT # 222.684-010), and therefore Plaintiff worked a composite job of deli clerk and meat clerk.   The DOT provides that a

meat clerk DOT # 222.684-010 unloads fresh, cured, and boxed meats and poultry from a delivery truck and then transports these meats to a storage room.  Plaintiff failed to show that she unloaded trucks with meat and transported these meats to the storage cooler.  Rather, Plaintiff testified that she went to the cooler and removed meats to display them. The VE testified that Plaintiff was able to perform the job of deli worker as generally performed in the national economy. The VE testified as to the job duties of a deli clerk as generally performed in the national economy, and determined that Plaintiff was able to perform the duties of a deli clerk, DOT # 316.682-014.  The ALJ accepted the VE's testimony.  Plaintiff failed to meet her burden of showing that her past relevant work was not as a deli clerk, and that prior to June 1, 2012, she was unable to perform the job of deli clerk as generally performed in the national economy.  Therefore, the Court finds that the ALJ did not err in determining that Plaintiff could return to her past relevant work prior to June 1, 2012.

### IV. Conclusion

Upon consideration of the submissions of the parties and the administrative record, the Court finds that the decision of the ALJ is supported by substantial evidence and decided upon proper legal standards.

**IT IS HEREBY ORDERED:**

The decision of the Commissioner is hereby **AFFIRMED** pursuant to sentence four of 42 U.S.C. §405(g).  The Clerk is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on June 26, 2015, 2015.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties